**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

        Respondent/Plaintiff,

v.                                               CV 10-0452 WJ/WPL
                                               CR 09-0057 WJ

CARLOS FRANCISCO RODRIGUEZ,

        Movant/Defendant.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

Carlos Francisco Rodriguez pled guilty, pursuant to a plea agreement, to conspiracy to violate 21 U.S.C. § 841(b)(1)(B).  He was sentenced to twenty-seven months of imprisonment. (Doc. 27.)[1]

Following his sentencing, Rodriguez sent a letter written in Spanish to the sentencing judge. (Doc. 28.)  After having an official Spanish court interpreter translate the letter into English, the Court construed it as a motion under 28 U.S.C. § 2255 and appointed a new attorney for Rodriguez. (Doc. 29, 30.)  The matter is before me now on the letter, the Government's response, and appointed counsel's reply.  For the reasons that follow, I recommend that relief under § 2255 be denied.

---

[1] All document number references are to CR 09-0057.

***Rodriguez's Allegations***

In his letter, Rodriguez claims that he told his attorney that he was innocent, but the attorney told him that he "had to plead guilty in order not to face a grand jury since they could give me from 15 to 30 years of prison." (Doc. 28 at 1.) Rodriguez further asserts that his attorney "omitted a lot of information." (*Id.* at 2.) In particular, counsel never told him that he would be deported. Rodriguez claims that he was "tricked by those damned dogs" and that his attorney "sank me into something unjust he grabbed me like a stray dog he tied me to a tree he lowered my head and put my tail between my legs and went about beating me to death with a stick." (*Id.* at 1.) Liberally construed, the letter raises claims of an involuntary plea and ineffective assistance of counsel.

A guilty plea is valid "only if done voluntarily, knowingly, and intelligently, with sufficient awareness of the relevant circumstances and likely consequences." *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005) (internal quotation marks omitted). A guilty plea is invalid if the defendant was not aware of the nature of the charges against him or of the consequences of the plea. *Id.* at 182-83. "In the guilty plea context, to establish a claim for ineffective assistance of counsel, a defendant must show that counsel's performance fell below an objective standard of reasonableness and that, but for counsel's error, the defendant would have insisted upon going to trial." *United States v. Silva*, 430 F.3d 1096, 1099 (10th Cir. 2005) (citing *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985)).

Rodriguez signed a plea agreement that advised him of his trial rights. (Doc. 4.) The plea agreement stated that the sentencing range was five-to-forty years, but that Rodriguez might be eligible for the "safety-valve" exception, allowing him to receive a sentence below the statutory minimum. As the factual basis for the plea, the agreement stated that on February 12, 2008, a car carrying Rodriguez's daughter and approximately one-hundred grams and more of a mixture containing phenylcyclidine was stopped in New Mexico. Rodriguez's daughter stated that this was

the fifth time that she had transported phenylcyclidine from Los Angeles to Washington, D.C. for her father.  "[S]he also stated that her father, Carlos Rodriguez participated in the organizing and arranging for the transportation of quantities of phenylcyclidine from California to Washington, D.C. . . . ."  (*Id.* at 4.)  By signing the agreement, Rodriguez admitted these facts.  (*Id.*)  Last, Rodriguez represented in the agreement that his guilty plea was free and voluntary and not the result of force or threats and that he was pleading guilty because he is guilty.  (*Id.* at 6.)

At the plea hearing, Rodriguez was sworn under oath and stated that he understood that he was required to answer the magistrate judge's questions truthfully.  (Doc. 32 at 3, 9-10.)  The magistrate judge explained in detail the rights he was giving up by pleading guilty.  (*Id.* at 8-9.)  Rodriguez stated that he had reviewed the plea agreement with his attorney and that it was read to him in Spanish.  (*Id.* at 15-16.)  The prosecutor reiterated that the sentencing range was five-to-forty years.  (*Id.* at 12.)  The magistrate judge specifically asked Rodriguez, "Do you understand that, if you plead guilty here this morning and at a later date you wanted to seek entry into the United States, it may be more difficult for you to do so because of your plea?"  (*Id.* at 12-13.)  Rodriguez stated that he understood and that he "never looked to get the citizenship."  (*Id.* at 13.)  During this colloquy, Rodriguez's attorney stated, "[H]e's been advised that he'll be deported after this."  (*Id.* at 12.)  Rodriguez then answered a series of questions about counsel's representation of him.  He stated that he was satisfied with the representation and that he had conferred with counsel about the charges and possible defenses.  (*Id.* at 14-15.)  Rodriguez also admitted that the Government could prove the factual basis for his plea.  (*Id.* at 18.)  Rodriguez then stated that he was pleading guilty because he believed he was guilty of the charge.  (*Id.* at 19.)

At the sentencing hearing, the district judge observed that Rodriguez "is going to face deportation." (Doc. 31 at 9.) Rodriguez did not make any comment in response.[2]

This review of the record reveals nothing to suggest that Rodriguez's plea was involuntary or that his counsel was ineffective. The magistrate judge properly advised him of his rights and inquired about the voluntariness of the plea and the adequacy of counsel's representation. Rodriguez's answers indicate that his plea was voluntary and that he was satisfied with his attorney. "Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Therefore, a defendant's statements at a plea hearing should be regarded as conclusive in the absence of a believable, valid reason for disregarding them. *United States v. Estrada*, 849 F.2d 1304, 1306 (10th Cir. 1988). Rodriguez has not provided a believable, valid reason to disregard his statements at the plea hearing.

Turning to Rodriguez's specific complaints, I note that he was accurately advised of the sentencing range both in the plea agreement and at the plea hearing. *See* 21 U.S.C. §§ 841(b)(1)(B), 846. An attorney's failure to tell his client that he will be deported could amount to ineffective assistance and render a guilty plea involuntary. *See Padilla v. Kentucky*, 130 S. Ct. 1473, 1486 (2010). However, Rodriguez's attorney stated in open court that he had told Rodriguez that he would be deported. Because counsel is an officer of the court, this statement was virtually made under oath. *United States v. Deberry*, 430 F.3d 1294, 1300 (10th Cir. 2005). Rodriguez also did not contradict his attorney's statement during the plea hearing, although he took the opportunity to halt the proceeding several other times to confer with his attorney. Similarly, Rodriguez did not

---

[2] I also note that, at the sentencing hearing, the attorney whom Rodriguez now refers to as a dog and accuses of metaphorically beating him with a stick volunteered to buy Rodriguez a ticket to Maryland so that he could surrender there. (Doc. 31 at 7.)

register surprise when the sentencing judge noted that he would be deported.  Even if the attorney

had not previously told Rodriguez that he would be deported, Rodriguez cannot establish prejudice

because he was advised of that fact at the plea hearing and Rodriguez has not even alleged, much

less established, that he would have gone to trial if he had known about it earlier.  *See Miller v.*

*Champion*, 262 F.3d 1066, 1072 (10th Cir. 2001) (stating that a defendant's mere allegation that he

would have insisted on going to trial is insufficient to show prejudice); *United States v. Williams*,

919 F.2d 1451, 1456 (10th Cir. 1990) (indicating that a plea is not involuntary unless the defendant

relied on misrepresentations).

Finally, Rodriguez makes a conclusory allegation that he is innocent.  The only support for

this allegation is Rodriguez's statement that he "was not in Albuquerque NM on February 12, I was

in Buffalo N. Y. picking up a truck to deliver it in Maryland . . . ."  (Doc. 28 at 1.)  Rodriguez was

charged with a conspiracy; he was not charged with physically transporting drugs himself.

Therefore, the fact that he was not in New Mexico on the date in question does not support a claim

of innocence.

### *Appointed Counsel's Reply*

After the United States filed its response to Rodriguez's letter, I ordered Rodriguez's newly

appointed attorney to file a reply.  (Doc. 34.)  Counsel filed a reply, stating, "Having discussed this

case with Mr. Rodriguez on two occasions, having reviewed every pleading filed in these matters,

having reviewed the PSR to verify the accuracy of the sentencing guideline calculations, and having

reviewed both the plea and sentencing transcripts, the undersigned can discern no non-frivolous

argument or ostensible support to add to the contentions that Mr. Rodriguez avers in his letter to the

Court."  (Doc. 36 at 1.)

When an attorney has been appointed to represent an indigent defendant on appeal, the attorney should follow the procedures set forth in *Anders v. California*, 386 U.S. 738 (1967), if he concludes that the appeal is frivolous.  Counsel should file a motion to withdraw, accompanied by a brief referring to anything in the record that might arguably support the appeal.  The defendant should be provided with the brief and apprised of his right to file a *pro se* brief.  *See Anders*, 386 U.S at 744.  *Anders* does not apply to collateral proceedings.  *See Pennsylvania v. Finley*, 481 U.S. 551, 554-55 (1987).

Counsel's reply in this case evokes *Anders* in that it recounts counsel's conscientious examination of the record and his determination that there are no non-frivolous issues to raise.  But the reply does not reflect that it was served on Rodriguez or that Rodriguez was advised to file a *pro se* reply.  Although *Anders* does not apply to this proceeding, Rodriguez should not be prevented from making arguments in opposition to my Proposed Findings and Recommended Disposition (PFRD).  Accordingly, I will direct the Clerk of Court to mail Rodriguez a copy of the PFRD.  He may file *pro se* objections to the PFRD within the time allotted for doing so.  Counsel is not required to file objections if he concludes that there are no non-frivolous objections to make.  However, if the Court adopts the PFRD, counsel should consult with and advise Rodriguez about his appellate rights.

### *Conclusion*

For the reasons stated above, I recommend that relief under 28 U.S.C. § 2255 be denied.  I further recommend that a certificate of appealability not be issued because Rodriguez has not made a substantial showing of the denial of a constitutional right.  *See* 28 U.S.C. § 2253(c).

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

William P. Lynch
_____
WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE